963 So.2d 339 (2007)
Ervin ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-5063.
District Court of Appeal of Florida, First District.
August 21, 2007.
Nancy Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We affirm the trial court's finding that appellant violated probation and the judgment and sentence imposed thereafter, but the cause is remanded with directions to enter a corrected order revoking probation which conforms to the court's oral pronouncements. See Maddox v. State, 619 So.2d 473, 473 (Fla. 1st DCA 1993) (holding that a trial court's order revoking supervision must conform to its oral pronouncements).
The amended affidavit of violation of probation charged that appellant violated nine conditions of probation. At the violation of probation hearing, the state presented evidence concerning only one violation of probation: appellant's failure to live and remain at liberty without violating any law as evidenced by his arrest for habitual driving while license suspended or revoked (condition 5). At the revocation hearing, the trial court found that appellant willfully and substantially violated condition 5 of his probation; however, the order revoking probation stated that the trial court "found [appellant] in willful violation of his probation," but did not state which specific *340 condition of probation had been violated. Accordingly, the revocation of appellant's probation is affirmed, but the cause is remanded with directions to enter a corrected order conforming to the trial court's oral pronouncements that appellant violated condition 5 of the order of probation.
AFFIRMED, but REMANDED with directions to enter corrected order.
BARFIELD, DAVIS, and LEWIS, JJ., concur.